FILED

2012 JUL 10 PM 2: 29

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.

PAMELA L. TUCKER, individually,

    Plaintiff,

v.    6:12-CV-1062-Orl-19KRS

I.C. SYSTEM, INC., a foreign corporation,

    Defendant.

_____/

## COMPLAINT FOR VIOLATIONS OF THE TCPA
## JURY DEMAND

1. Plaintiff alleges violations of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 as well as 15 U.S.C. § 1692 *et seq.* and 47 U.S.C § 227, *et seq.* Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

3. Plaintiff, PAMELA L. TUCKER, is a natural person, and citizen of the State of Florida, residing in Orange County, Florida.

4. Defendant, I.C. SYSTEM, INC., is a foreign corporation, which works from offices located at 444 Highway 96 East, St. Paul, Minnesota 55127.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of defaulted upon consumer credit card debts.

6. Defendant regularly attempts to collect consumer credit card debts by utilizing a high-volume telephone dialing system, which upon information and belief makes use of a predictive dialer.

7. Defendant regularly collects or attempts to collect debts for other parties. They are a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect an alleged medical debt by placing dozens if not hundreds of calls to Plaintiff's cellular telephone over the last four years.

10. The debt at issue was allegedly incurred to a medical facility known as "Advanced Diagnostics" or similar sounding name.

11. Defendant's initial communication to Plaintiff was on or about October 20, 2011.

12. Defendant failed to ever provide a written notice to Plaintiff with regard to the amount of the debt and the name of the creditor in violation of 15 U.S.C. § 1692g

13. Based upon information and belief, the alleged debt at issue was discharged in bankruptcy.

14. Based upon information and belief, Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place said calls.

15. A predictive dialer is considered an automatic telephone dialing system (ATDS) pursuant to FCC rulings. *See generally, Griffith v. Consumer Portfolio Serv., Inc.*, No. 10-c-2697 (N.D. Il. Aug. 16, 2011).

16. Any consent to call Plaintiff, was revoked and/or rescinded by operation of law.

17. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

18. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates Paragraphs 1 through 18.

3

Case 6:12-cv-01062-PCF-KRS   Document 1   Filed 07/10/12   Page 4 of 6 PageID 4

20. Defendant placed telephone calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or which contained a prerecorded message and/or an artificial voice.

21. The aforesaid calls were made in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for:

(a) Statutory damages at $500 dollars per call;

(b) Willful damages at $1500 dollars per call;

(c) An injunction requiring Defendant to cease all communications with Plaintiff in violation of the TCPA;

(d) Reasonable costs; and

(e) Such further relief as this Court may deem appropriate.

## COUNT II
## FAILURE TO PROVIDE WRITTEN NOTICE IN VIOLATION OF 15 U.S.C. § 1692g

22. Plaintiff incorporates Paragraphs 1 through 18.

23. Within five days of the initial communication with Plaintiff, Defendant failed to provide a written notice to Plaintiff with regard to the amount of the debt and the name of the creditor in violation of 15 U.S.C. § 1692g.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a.   Damages;

   b.   Attorney's fees, litigation expenses and costs of the instant suit; and

   c.   Such other or further relief as the Court deems proper.

## COUNT III
## UNLAWFUL PURSUIT OF DISCHARGED DEBT

24. Plaintiff incorporates Paragraphs 1 through 18.

25. Defendant violated the Fair Debt Collection Practices Act by using a deceptive means in violation of 15 U.S.C § 1692e, by engaging in conduct the natural consequence of which is to harass, oppress or abuse in violation of 15 U.S.C § 1692d, and by engaging in an unfair and deceptive practice in violation of 15 U.S.C § 1692f by continuing to pursue a debt that was discharged in bankruptcy.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a.   Damages;

   b.   Attorney's fees, litigation expenses and costs of the instant suit; and

   c.   Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 9th day of July, 2012.

> SCOTT D. OWENS, ESQ.
> *Attorney for Plaintiff*
> 664 E. Hallandale Beach Boulevard
> Hallandale, Florida 33009
> Telephone: 954.589.0588
> Facsimile: 954.337.0666
> scott@scottdowens.com
>
> By: /s/Scott D. Owens
> Scott D. Owens, Esq.
> Florida Bar No. 0597651